## KLEIN v ATCHERSON et al

Ohio Appeals, 2nd Dist, Franklin Co

No 1995. Decided Mar 12, 1931

Turney & Sipe, Cleveland, for Klein.

Donald J. Hoskins and O. J. Bartlett, both of Columbus, for Atcherson et al.

**KUNKLE, J.**

The case has been submitted upon the briefs of counsel.

The brief of counsel for plaintiff in error contends that it is against public policy that any person be immune from liability for the natural and probable consequences of their acts, and this is especially true where such person is a public official or public servant.

We think it unnecessary to cite authorities to the effect that no liability attaches as against County Commissioners except such as has been imposed by statute. There is no common law liability as against County Commissioners, and, as above stated, the only liability that exists is such as the statutes of the state expressly impose.

Sec 2408 GC is the only section that we know of or that has been called to our attention that impose any liability as against County Commissioners. This section provides that the Board of County Commissioners shall be liable in its official capacity for damages received by reason of its negligence or carelessness in not keeping any **such road** in proper repair. Such road relates solely to a State or County Road. No liability is imposed for their failure to keep in repair any road other than a State or County Road.

The petition contains no averment which brings the road in question within either of these classes of highways. The petition does aver that it is a public highway, but there is no averment in the petition to the effect that it is either a County or State

Highway.

In 31 Oh Ap 224, in the case of **Bellard, Administrator, v the Board of County Commissioners of Erie County**, the first paragraph of the syllabus is as follows:

"Under §7464, ¶A GC, imposing on State duty to care for state roads, there can be no liability on part of Board of County Commissioners, under §2408 GC, for negligence in failing to keep in repair road which has become state road."

This decision is based upon the rule announced by the Supreme Court in the 103 **Oh St** 249, in the case of **Weihr v Phillips** and others. The syllabus of this case is as follows:

"1. A board of county commissioners is not liable in its official capacity for damages for negligent discharge of its official duties except insofar as such liability is created by statute, and such liability shall not be extended beyond the clear import of the terms of the statutes.

"2. Where in the course of the repair of a state road by the state highway department a barrier is constructed at one terminus of such improvement, a board of county commissioners is not liable for damages caused to the occupants of an automobile which without notice or warning of the existence of such barrier was driven violently against such barrier.

"3. State highways are under the exclusive power and control of the state highway department and no duty is enjoined upon county commissioners to maintain and repair the same, and therefore a board of county commissioners is not chargeable with negligence or carelessness by reason of such state highways not being kept in proper repair."

The petition avers that the accident in question occurred by reason of repairs being made in the Three C's Highway.

We presume that this court, under and by virtue of the provisions of §6859-3 GC, can take judicial notice of the nature of this highway. However that may be, we cannot escape the conclusion that the petition fails to state a cause of action, as there is no averment in the petition to the effect that the highway in question falls within the class for which county commissioners are liable in the event they fail to keep the same in proper repair.

Judgment of the lower court will be affirmed.

(ALLREAD and HORNBECK, JJ, concur.